Stuart S. Pressly V-48636

CSP-LAC

Facility A1-223

P.O. Box 8457

Lancaster, CA 93539



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NUNC PRO TUNC

MAY 19 2008

Stuart Scott Pressly

    Petitioner

Civil No. 07-2315 J(JMA)

Stay and Abeyance

For Leave to Amend

F.W Haws (Warden)

    Respondent

---

    Petitioner Respectfully applies to this court for motion for leave to files petitioner first amended petition after a responsive pleading FRCP 15(a) Request to stay current petition and hold current claim in Abeyance with leave to amend in 30 days after exhaustion. Felix V Mayle, 379 F3d 612.

    Move for leave to stay and abey petition due to timely filed State Court Writ, Which has tolled the AEDPA time line.

    Issues 1 and 2 relate back to petitioners current filing date because the claims arose out of the petition. F.R.C.P. 15 (c)(2).

    Petitioner respectfully requests that the current issues before this court be stayed and abeyed on the grounds that petitioner

has a timely filed petition for writ of habeas corpus in State Court filed on Dec 5th 2007 (See Exhibit A ) In the Superior Court Of The State Of California In San Diego, Writ No. HC 19194.

Petitioner needs to exhaust State Petition on claims that are relevant to the petition before this court. Once State petition is Exhausted petitioner will amend the petition before this court to include all claims necessary to show cause on the current issues before this court.

The Issues to Amend are as Follows.

1). Ineffective Assistance of Counsel.

2). Insufficient evidence used on prior out of stae conviction.

3). Prejudicial evidence brought before jury.

4). Petitioner denied his right to trial before a jury to make determination of weather facts of prior out of state conviction qualified as a strike under California Law when petitioners priors are not strikes under California Law.

5). Prior Federal conviction counts as only one prior per Ferderal Statues not Five Prior Convictions.

6). Ineffective assistance of Appellate Counsel.

Conclusion

For all of the foregoing reasons stated ,Pursant to federal rules of Civil procedure Rule 15(a) and 15 (c)(2), this motion must be granted in the interest of justice

DATE MAY 13, 2008.

STUART S. DRESSEY V48636
In Pro-Per

# EXHIBIT "A"

## ACKNOWLEDGMENT OF MAILING

I, __Stuart Pressly__, am a resident of California State Prison – Los Angeles County (LAC) at Lancaster, County of Los Angeles, California, and I am at least 18 years of age. My mailing address is California State Prison – Los Angeles County, Facility __A__, Building __1__, Bed __223__, P.O. Box __8457__, Lancaster, California 93536.

On __December 5__, 20 __07__, I mailed a true and correct copy of the following document(s): (YOU DO NOT HAVE TO GO INTO DETAIL ABOUT THE DOCUMENTS)

Petition of Habeas Corpus

On each party listed below by placing it in an envelope, with adequate postage or provided, and by depositing said envelope in a box for the United States Mail at LAC, 44750 60th Street West, Lancaster, California 93536.

This copy is being mailed to:

Clerk of Superior Court of California, San Diego

Honorable John M. Thompson

220 West Broadway

San Diego, California 92101

I have additional copies to:

~~Mr. George Bennett~~

Deputy District Attorney

330 West Broadway, Suite 1100

San Diego, CA 92021

There are regular delivery services by the United States Mail between the above place of mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: __Dec 5__, 20 __07__, at Lancaster, California 93536.

Signed: _[signature]_    CDC# __V-48636__

LAC MAILROOM ACKNOWLEDGMENT OF MAILING

DATED: __DEC 06 2007__

SIGNED: _[signature]_

Revised: February 8, 2005

FILED
Clerk of the Superior Court

FEB 15 2008

BY ___J. Booker___

# THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SAN DIEGO

IN THE MATTER OF THE APPLICATION OF:  )  HC 19194
                                       )  SCD 177809
STUART S. PRESSLY                      )
                                       )
                                       )  ORDER DENYING PETITION
        Petitioner.                    )  FOR WRIT OF HABEAS CORPUS
                                       )
                                       )
                                       )

AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE COURT FILE IN THE ABOVE REFERENCED MATTER, THE COURT FINDS AS FOLLOWS:

On April 25, 2005, Petitioner was convicted by a jury of violating Penal Code § 211 (robbery). In bifurcated trials, the court found Petitioner guilty of possession of a firearm by a felon (Penal Code § 12021(a)(1)), and subsequently found true allegations he had served two prior prison terms for six felony convictions (Penal Code § 667.5(a)) and that all six of those prior felony convictions had constituted both serious felony priors and strike priors (Penal Code §§ 667(a)(1), 667(b)-(i), 668, and 1170.12). The court sentenced Petitioner to 60 years to life in prison, consecutive to a 25-year-to-life term he was already serving on a Los Angeles case.

-1-

Petitioner appealed and the Court of Appeal affirmed the conviction. Remittitur issued on December 18, 2006. (Court of Appeal, 4th App. Dist., Div. 1, unpublished opinion, dated September 28, 2006, D046535.)

On December 17, 2007, Petitioner filed the present Petition claiming that: (1) the trial court imposed an illegal sentencing enhancement; (2) he received ineffective assistance of counsel; (3) improper admission of evidence; and (4) both illegal and improper use of prior convictions.

The Petition is denied for the reasons set forth herein.

**Failure to Raise Issues on Appeal**

Generally, matters that could have been but were not raised on appeal are not cognizable on habeas corpus in the absence of special circumstances. (*In re Clark* (1993) 5 Cal.4th 750, 765, citing *In re Dixon* (1953) 41 Cal.2d 756, 759; *In re Walker* (1974) 10 Cal.3d 764, 773.) Habeas corpus cannot serve as a substitute for appeal. An unjustified failure to present an issue on appeal generally precludes consideration of the issue by way of a petition for writ of habeas corpus. (*In re Harris* (1993) 5 Cal.4th 813, 829.) Each of Petitioner's claims should have been raised, if at all, on appeal and Petitioner fails to provide any justification warranting review by habeas corpus. The Petition is denied on this, in addition to the the reasons set forth below,.

**Enhancement**

Petitioner takes issue with the sentencing enhancement applied by the court, which was based on Petitioner's six prior felony convictions. The court in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra,* 530 U.S. at 490.) However, an *Apprendi*-based claim cannot be brought by habeas corpus by Petitioner because it could have been could have been and should have been raised in his appeal.

(See *In re Clark* (1993) 5 Cal.4th 750, 765, citing *In re Dixon* (1953) 41 Cal.2d 756, 759 (matters that could have been but were not raised on appeal are not cognizable on habeas corpus in the absence of special circumstances).)

### Insufficient and Improper Admission of Evidence

Additionally, it appears Petitioner is making an argument that there was insufficient evidence before the court upon which it could consider a sentencing enhancement. Habeas corpus is not an available remedy to review the rulings of the trial court with respect to the admission or exclusion of evidence, or to correct other errors of procedure occurring on the trial. (*In re Lindley, supra,* 29 Cal.2d at 723.) In other words, sufficiency of evidence claims are not cognizable on habeas corpus. (*In re Lindley* (1947) 29 Cal. 2d 709, 723; *In re Adams* (1975) 14 Cal. 3d 629, 635; *see also Estelle v. McGuire* (1991) 502 U.S. 62.)). Likewise, Petitioner's argument that admission of a firearm into evidence biased the jury against him is both improper and is without proof of prejudice.

### Ineffective Assistance of Counsel

Petitioner asserts that he received ineffective assistance of counsel. Specifically, Petitioner claims that his counsel failed to object to Petitioner being shackled in the presence of the jury, the jury could see the shackles, and this created the risk of undue prejudice against him.

To show that counsel was ineffective, Petitioner must show (1) his counsel's representation was deficient in that it "fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) his counsel's deficient performance prejudiced his defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 688; *People v. Ledesma* (1987) 43 Cal.3d 171.) The *Strickland* court advised, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is

easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland, supra*, at 697).

Also important here, "a defendant cannot be subjected to physical restraints of any kind in the courtroom while in the jury's presence, unless there is a showing of a *manifest need* for such restraints." (*People v. Jacla* (1978) 77 Cal.App.3d 878, 883 (italics in original), quoting *People v. Duran* (1976) 16 Cal.3d 282, at 290-291.) Petitioner has failed to prove he was indeed shackled in the presence of the jury, that counsel failed to raise the issue, or that the purported failure was prejudicial. (*People v. Karis* (1988) 46 Cal.3d 612, 656.)

For each of the foregoing reasons, the Petition is hereby DENIED in its entirety.

It is further ordered that a copy of this order be served on (1) Petitioner; and (2) the Appellate Division of the San Diego District Attorney's Office.

IT IS SO ORDERED.

DATED: 2/15/08

WILLIAM H. KRONBERGER
JUDGE OF THE SUPERIOR COURT
GALE E. KANESHIRO

-4-

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102 | F I L E D<br>Clerk of the Superior Court<br><br>FEB 1 9 2008<br><br>By _____JH_____, Deputy |
| **PLAINTIFF(S)/PETITIONER(S)**<br>The People of The State of California | |
| **DEFENDANT(S)/RESPONDENT(S)**<br>STUART S. PRESSLY | JUDGE: ____<br>DEPT: ____ |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER<br>HC 19194 |

I certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITON FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at: ☒ San Diego  ☐ Vista  ☐ El Cajon
☐ Chula Vista  ☐ Oceanside  ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| STUART S. PRESSLY | CDC# V-48636<br>P.O. BOX 8457<br>LANCASTER, CA 93539 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OIFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112-1011 |

CLERK OF THE SUPERIOR COURT

By J. HOBBS _____JH_____, Deputy

Date: 02/19/08___

SDSC CIV-285(Rev 11-99)                CLERK'S CERTIFICATE OF SERVICE BY MAIL

MC-275

Name: Stuart S. Pressly

Address: CSP-LAC Facility A1-223

P.O. Box. 8457

Lancaster, CA 93539-8457

CDC or ID Number: V-48636


COPY

In The Superior Court Of California, County

Of San Diego, Central Division
(Court)

| | |
|---|---|
| Stuart S. Pressly<br>**Petitioner**<br>vs.<br>F.B. Haws, Warden<br>**Respondent** | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. HC19194<br>(To be supplied by the Clerk of the Court) |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

This petition concerns:

- [X] A conviction
- [ ] Parole
- [X] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other (specify): _____

1. Your name: __Stuart S. Pressly__
2. Where are you incarcerated? __CSP- Lancaster, CA__
3. Why are you in custody? [X] Criminal Conviction   [ ] Civil Commitment

    *Answer subdivisions a. through i. to the best of your ability.*

    a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

    __PC§211, Robbery, PC§12021, Possession of firearm by a felon__

    b. Penal or other code sections: __Pc§667.5,subdivison (a), 667, Subdivison (a)(1), 667,subdivison (b) thru(i), 668, 1170.12, and 1192.7,sub (c)__

    c. Name and location of sentencing or committing court: __Superior Court of the State of California For San Diego County, Central Divison, Dept: 38__

    d. Case number: __C.A. No D046535, Sup. Ct. No. SCD 177809__

    e. Date convicted or committed: __April 25, 2005__

    f. Date sentenced: __May 23, 2005__

    g. Length of sentence: __Sixty Years to Life__

    h. When do you expect to be released? __N/A__

    i. Were you represented by counsel in the trial court? [X] Yes. [ ] No. If yes, state the attorney's name and address:

    __Ms. Jane Kinsey, Deputy Public Defender__
    __233 "A" Street, 4th Floor, San Diego, CA 92101__

4. What was the LAST plea you entered? (check one)

    [X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

    [X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

---

MC-275 [Rev. January 1, 1999]   PETITION FOR WRIT OF HABEAS CORPUS   Page two of six

**6. GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

Evidence Used To Enhance Petitioner's Current Conviction Was Insufficient To Show That Texas 1st Degree Burglary Was A Serious Felony Under California Law.

**a. Supporting facts:**
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

Evidence Of 1985 Texas 1st Degree Burglary submitted at petitioner's nonjury trial on priors, used to enhance petitioner's sentence (pursuant to Penal Code § 667(a)(1), 668, and 1192.7(c)) did not meet all of the elements of a 1st Degree Burglary under California law.

There was insufficient evidence to show that entry into an "inhabited" dewlling or building, a necessary element under California Law for 1st degree burglary.

**b. Supporting cases, rules, or other authority (optional):**
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

People v. Rodriguez 18 Cal. Rptr. 3d 550, 122 Cal.App.4th 121

People v. Guerrero (1988) 44 Cal.3d 343, 243 Cal. Rptr. 688

People v. Fielder (2004) 114 Cal. App. 4th 1221, 8 Cal. Rptr. 3d 247

7. Ground 2 or Ground _____ (if applicable):

Ineffective Assistance of Counsel for failing to object to Petitioner being shackled in the presents of jury during trial. Violation of Cal Const. Art 1§15 and United States Const. Fifth and Fourteenth Amendments.

a. Supporting facts:

Petitioner was forced to ware shackles on the outside of of his clothes during trial. The jury could see shackles when they walked past petitioner to reach the jury box. Petitioner was embarrased by this display and felt as though the jury would view petitioner as a dangerous violent criminal giving rise to a prejudicial issue. Trial counsel's failure to object to petitioner being shackled in the presents of the jury was ineffective assistance of counsel.

b. Supporting cases, rules, or other authority:

People v. Harrington (1871) 42 Cal. 165

People v. Burnett (1967) 251 Cal. App. 2d 651

People v. Duran (1976) 16 Cal. 3d. 282

Strickland V. Washington (1984) 466 U.S. 668, 104 S.ct 2052,

## GROUND 3

Evidence of 22 semiautomatic hand gun had inferred emotional bias against petitioner and was not relevant to the charged crime before the jury. Therefore a due process violation to a fair trail.

During petitioners trial the trial court allowed a gun to be presented into evidence a 22 semiautomatic hand gun that was not nor had any bearing on the case before the jury. This evidence was unfairly prejudicial to petitioner and confused the jury with regards to the element of fear for the purposes of P.C.§211.

The gun had no link or connection and was in no shape or form relevnt to the charge before the jury. No weapon was used, simulated, displayed, mentioned, in the commission of the offense before the jury and lead the jury to an improper inference. This was unfairly prejudicial to the petitioner.

Petitioner's one and only defense was that the offense was a larceny not a robbery because the element of fear of unlawful injury was not present in the instant offense and by placing the gun in front of the jury when it had no relevance to the offense was a violation of due process that resulted in an unfair trial.

## GROUND 4

Petitioners prior out of state conviction for Bank Robbery Statue does not meet the elements of a robbery in California and required additional fact finding to see if prior out of state conviction qualified as a strike under California Law.

Petitioner's Federal Robbery conviction is "catchall" statue and can be committed in a manner that does not meet the element's of a California robbery and therefore does not qualify as a strike. Petitioner was denied his Sixth Amendment right to a trial on the prior out of state conviction to see if the conviction truly qualified as a strike under California Law.

Since the three strikes mandatory sentencing scheme gave the judge no discretion in his application of the law to determine petitioners sentence, it was constitutional irrelevant weather the sentence was enacted by legislation in the form of a statue of a binding sentencing scheme. In petitioners case; the jury did not find that the petitioner had five previous serious or violent felony convictions. The jury was never allowed to consider whether petitioner's five previous convictions as serious or violent under California Law. The judge made this determination of "FACTS" on his own. A jury should evaluate the qualitative nature of petitioners prior convictions to see if they meet the requirements of a serious or violent felony in order to "ENHANCE" petitioner's sentence. Petitioner did object to the courts finding that the prior federal robbery conviction qualified as serious or violent.

Shepard 125 S.ct, 1262

United States v. Booker(2005) 125 S.ct, 738. 160 L.Ed 2d 621

Apprendi v. New Jersey (2000) 530 U.S. 466. 120 S.ct 2348; 147 L.Ed 2d 435.

## GROUND 5

Petitioners Prior Federal Convictions where consolidated and therefore "Related" and count as only one prior conviction under United States Supreme Court Ruling in Buford v. United States (2000) 532 U.S. 59, 61. 121 Sct. 1275 149 L.Ed 2d 197. Petitioner was sentenced in his prior federal convictions under the United States Sentencing Guidelines and petitioner prior conviction was functionally consolidated and is considered Factually or Logically related and is to be considered one prior conviction. If petitioner had been afforded his due process right to testify on his own behalf with regards to the validity of his priors convictions and alerted the court to this fact petitioner could have testifyied to the court that his prior Federal Conviction counts as only one prior conviction.

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes. [ ] No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
      Court Of Appeal State Of California Fourth Appellate District
   b. Result: Judgment Affirmed                    c. Date of decision: Sept 28, 2007
   d. Case number or citation of opinion, if known: C.A No. D046535
   e. Issues raised: (1) Trial Court Error by denying motion to suppress evidence
      (2) Insufficient evidence to find appellate guilty of robbery,
      Due process of law.
   f. Were you represented by counsel on appeal? [X] Yes. [ ] No. If yes, state the attorney's name and address, if known:
      Denise M. Rudasill, 840 17th Street #212, San Diego, CA 92101

9. Did you seek review in the California Supreme Court? [X] Yes. [ ] No. If yes, give the following information:
   a. Result: Review Denied                       b. Date of decision: Dec 13th, 2006
   c. Case number or citation of opinion, if known: S147860
   d. Issues raised: (1) Review should be granted to determine whether trial court
      erred thereby violated appellant's fourth amendment.
      (2) Review should be granted to determine if evidence was insufficient.

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    Ineffective Assistance of appellate counsel..

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
       N/A

    b. Did you seek the highest level of administrative review available? [ ] Yes. [ ] No.
       Attach documents that show you have exhausted your administrative remedies.

PETITION FOR WRIT OF HABEAS CORPUS

MC-275 [Rev. January 1, 1999]                                              Page five of

13. a. (1) Name of court: N/A

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   b. (1) Name of court: N/A

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

    Was Not notified of California's Supreme Courts Denial of review by appellate counsel until May 21, 2007

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:
    _____

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

    Federal Petition for Los Angeles Case.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

    This Court Has Jurisdiction over this matter.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: DEC 5 2007

SIGNATURE OF PETITIONER

PETITION FOR WRIT OF HABEAS CORPUS

## PROOF OF SERVICE BY MAIL

### (CCP §§1013(a), 2015.5; 28 U.S.C. §1746)

I, _Stuart S. Pressly_, hereby declare that I am over the age of 18, I am the petitioner in the above-entitled cause of action, and my legal mailing address CSP/LAC – A _1-223_, P.O. BOX 8457, Lancaster, CA 93539-8457.

On _May 13, 2008_, I delegated to prison officials the task of mailing, via the institution's internal mail system (*Houston v. Lack*, 487 US 266 [101 L.Ed.2d 245; 108 S.Ct. 2379] (1988)), the below entitled legal document(s):

_Motion For Stay & Abeyance_

by placing said documents in a properly addressed and sealed envelope, with postage fully pre-paid, in the United States Mail, deposited in the manner provided by CSP/LAC, and addressed as follows: _Office of Attorney General State of California_
_Att: Stacy A. Tyler Deputy Attorney General_
_110 West "A" Street Suite 1100_
_P.O. Box 85266_
_San Diego, CA 92186-5266_

I further declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this _13_ day of _May_ 200_8_ at California State Prison – Los Angeles County.

_/s/ SSP_