1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  RHONDA CARTWRIGHT-LADENDORF
   Supervising Deputy Attorney General
5  STACY TYLER
   Deputy Attorney General
6  State Bar No. 216355
     110 West A Street, Suite 1100
7    San Diego, CA 92101
     P.O. Box 85266
8    San Diego, CA 92186-5266
     Telephone:  (619) 645-2446
9  Fax:  (619) 645-2581
   Email:  Stacy.Tyler@doj.ca.gov
10 Attorneys for Respondent

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 | **STUART S. PRESSLY,** | 07cv2315 J (JMA) |
   
16 |                              Petitioner, | **RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO STAY THE PROCEEDINGS** |

17 | v. |

18 | **F.B. HAWS, Warden,** | The Honorable Jan M. Adler |

19 |                              Respondent. |

20

21          Respondent submits this opposition to Petitioner Stuart Pressly's ("Petitioner") "Stay and

22 Abeyance For Leave to Amend," or Motion to Stay the Proceedings Pending Exhaustion of State

23 Court Remedies.  As explained below, this Court should deny the motion because Petitioner has

24 failed to make the showing required by *Rhines v. Weber*,  544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed.

25 2d 440 (2005).

26                                **ARGUMENT**

27          The Antiterrorism and Effective Death Penalty Act of 1996 (28 U.S.C. § 2254)

28 ("AEDPA") governs this case because the Petition was filed after April 24, 1996.  *See* 28 U.S.C.

1    § 2254; *Lindh v. Murphy*, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *Campbell*
2    *v. Rice*, 408 F.3d 1166, 1169 (9th Cir. 2005) (en banc).  An important purpose of the AEDPA is to
3    reduce delay in execution of sentence and promote finality of judgment.  *See Rhines*, 544 U.S. at
4    276.  Thus, petitioners are required to bring their claims to federal court within a year after the State
5    court judgment becomes final. 28 U.S.C. § 2244(d); *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir.
6    2003).  Of course, the petitioner is limited in federal court to those claims he properly exhausted in
7    State court within the limitations period.  28 U.S.C. § 2254(b); *Jackson v. Roe*, 425 F.3d 654, 657-58
8    (9th Cir. 2005).

9         To circumvent this rule, habeas petitioners who fail to timely present claims to the State
10   court often will move the federal court to stay the proceedings and hold a pending petition in
11   abeyance while they return to State court to raise – usually in the first instance by means of an
12   extraordinary writ, which the State's courts will not entertain absent extraordinary circumstances
13   – the unexhausted claims.  *See, e.g.*, Exhibit A to Petitioner's  Motion to Stay (Feb. 15, 2008, Super.
14   Ct. Order Denying Pet. for Writ of Habeas Corpus) at 2 ("matters that could have been but were not
15   raised on appeal are not cognizable on habeas corpus in the absence of special circumstances").
16   While the district court has discretion to grant such a "stay-and-abey" motion, that discretion applies
17   "only in limited circumstances." *Rhines*, 544 U.S. at 277, 125 S. Ct. at 1535.  As the United States
18   Supreme Court has explained, "[s]tay and abeyance, if employed too frequently, has the potential
19   to undermine [the AEDPA]"; accordingly, staying pending habeas proceedings is appropriate "*only*
20   . . . when the district court determines there was good cause for the petitioner's failure to exhaust
21   his claims first in state court." *Id.* at 277-78 (emphasis added).  Moreover, the petitioner must show
22   that the unexhausted claims are "potentially meritorious."  *Rhines*, 544 U.S. at 276-77, 125 S. Ct.
23   at 1535.

24        Here, Petitioner has done neither.  Indeed, even if one were to assume the new and
25   additional claims were potentially meritorious, Petitioner does not bother to explain his delay at all,
26   let alone provide good cause for it.  He simply avers that he filed a writ petition in superior court in
27   December of last year and requests this Court stay the current proceedings.  Such a conclusory
28   demand does not meet the standard announced in *Rhines*.

1    On the other hand, it is not surprising Petitioner offers no reason for his failure to

2    diligently pursue his claims in State court because he likely would be hard-pressed to find one.

3    *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087-1088 (9th Cir. 2002) (good cause

4    requires showing of diligence); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-1295 (9th Cir.

5    2000) (same); *United States v. Te Selle*, 34 F.3d 909, 910-911 (9th Cir. 1994); *Johnson v. Mammoth*

6    *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Fimbres v. United States*, 833 F.2d 138, 139

7    (9th Cir. 1987); *Townsel v. Contra Costa County*, 820 F.2d 319, 320-321 (9th Cir. 1987); *Wei v.*

8    *State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).  All six of the new claims, which challenge the

9    sufficiency of the evidence, the admission of evidence, and the effectiveness of counsel, are based

10    on facts apparent at the time of trial, or at the very latest by the time of appeal, and therefore

11    redressable by direct appeal or contemporaneous post-conviction writ petition.  Petitioner did not

12    present these claims in those proceedings, but instead waited until December 17, 2007 – after he

13    already had filed the Petition in this Court – to present the claims by means of an extraordinary writ

14    petition to the State's lowest court.  Even then, he did not request a stay from this Court until May

15    19, 2008, by which time Respondent already had filed its Answer.  This cannot constitute diligence.

16    Petitioner has not established good cause for his failure to diligently pursue in State court

17    the claims he seeks to add to his Petition at the eleventh hour.  Accordingly, this Court should deny

18    the motion to stay the proceedings.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Respondent's Opposition to Petitioner's Motion to Stay the Proceedings        Case No. 07cv2315 J (JMA)

1

**CONCLUSION**

2    For the foregoing reasons, Respondent respectfully requests the Court deny Petitioner's

3    motion to stay the proceedings.

4    Dated:  July 16, 2008

5    Respectfully submitted,

6    EDMUND G. BROWN JR.
     Attorney General of the State of California

7    DANE R. GILLETTE
     Chief Assistant Attorney General

8
     GARY W. SCHONS
9    Senior Assistant Attorney General

10   RHONDA CARTWRIGHT-LADENDORF
     Supervising Deputy Attorney General

11

12   s/Stacy Tyler

13

     STACY TYLER
14   Deputy Attorney General
     Attorneys for Respondent

15

16   ST:mgs
     80259421.wpd
17   SD2007803271

18

19

20

21

22

23

24

25

26

27

28

1

2                    <u>**CERTIFICATE OF SERVICE BY U.S. MAIL**</u>

3   Case Name:    ***PRESSLY v. HAWS***              No.:    **07cv2315 J (JMA)**

4   I declare:

5   I am employed in the Office of the Attorney General, which is the office of a member of the
    California State Bar, at which member's direction this service is made. I am 18 years of age or
6   older and not a party to this matter. I am familiar with the business practice at the Office of the
    Attorney General for collection and processing of correspondence for mailing with the United
7   States Postal Service. In accordance with that practice, correspondence placed in the internal
    mail collection system at the Office of the Attorney General is deposited with the United States
8   Postal Service that same day in the ordinary course of business.

9   On <u>July 16, 2008</u>, I served the following documents:

10                  **RESPONDENT'S OPPOSITION TO PETITIONER'S**
                       **MOTION TO STAY THE PROCEEDINGS**
11

12  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
    in the internal mail collection system at the Office of the Attorney General at 110 West A Street,
13  Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

14  **Electronic Mail Notice List**
    I have caused the above-mentioned document(s) to be electronically served on the following
15  person(s), who are currently on the list to receive e-mail notices for this case:

16  **NONE**

17  **Manual Notice List**
    The following are those who are **not** on the list to receive e-mail notices for this case (who
18  therefore require manual noticing):

19  Stuart Scott Pressly
    V-48636
20  California State Prison, Los Angeles County
    P.O. Box 8457
21  Lancaster, CA 93539-8457
    In Pro Pro

22

23  I declare under penalty of perjury under the laws of the State of California the foregoing is true
    and correct and that this declaration was executed on July 16, 2008, at San Diego, California.
24

25

26          Maria G. Stawarz

27              Declarant                              Signature

28  SD2007803271
    80259466.wpd