Stuart S. Pressly
CDCR# V-48636
CSP-LAC Facility A1-223
P.O. Box 8457
Lancaster, CA 93539
In Pro-Per

FILED

2008 SEP -8 PM 1:53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**NUNC PRO TUNC**
**SEP -4 2008**

| | | |
|---|---|---|
| STUART S. PRESSLY, | ) | 07cv2315 J (JMA) |
| Petitioner, | ) | RESPONSE TO RESPONDENTS |
| | ) | OPPOSITION TO PETITIONER'S |
| V. | ) | MOTION TO STAY AND ABEYANCE |
| | ) | |
| | ) | |
| F.B. HAWS, WARDEN | ) | Judge; The Honorable Jan M. Adler |
| Respondent | ) | |

Stuart S. Pressly (Petitioner) submits this Response to Respondents Opposition to Petitioner's Motion to "Stay and Abeyance for leave to Amend" or "Motion to Stay Proceedings Pending Exhaustion of State Court Remedies", as explained below.

This court should grant the motion in the interest of justice as petitioner's claims before the state court have merit and claim (2) before this court (Evidence was insufficient to convict petitioner of the necessary element of force or fear) directly relates to petitioner's claim, in state court, of Ineffective Assistance of Counsel for allowing petitioner to be tried in chains in the presents of the jury. Petitioner's sole defense at trial was in no force or fear was used to commit to crime therefore this is Grand Larceny not Robbery. Petitioner was prejudice by appearing in chains in the front of the jury.

Petitioner's other grounds for relief pending in state court have merit as petitioner's sentence was enhanced by using a prior out

CR

(1)

of state conviction based on insufficient evidence and petitioner's claim in state court "MIRRORS" California's own case law and yet the superior court in its ruling stated that petitioner could not raise issues of insufficient evidence in a habeas corpus writ. Petitioner guesses the superior court has never heard of In re Winship.

Petitioner is not trying to have the merits of his claims before state court addressed by this court in this response petitioner is only trying to show this court that his claims have merit since the Respondents brought this issue to light in Respondents Opposition to Petitioner's Motion and "seems" to think petitioner's state claims have no merit. Petitioner was placed in his current position as a direct result of both trial counsels failure to investigate petitioner's prior convictions and Appellate Counsel lack of diligence.

Petitioner's Appellate Counsel also failed to notify petitioner that the California Supreme Court Denied petitioner's petition for Review by more then 5 months (See Exhibit "A") Letter stating that Appellate Counsel sent petitioner notice that the California Supreme Court Denied Review January, this letter is dated May 13, 2007 6 months after the Supreme Court denied review on December 13, 2007. Petitioner filed for a copy of his incoming legal mail log and according to the mail rooms log no such letter was received from Petitioner's Appellate Counsel in January of 2007.(See Exhibit "B") Incoming Legal Mail Log showing all of petitioner's legal mail sent between the dates of 12/06/05 through 8/08/07. Petition for review was denied by the California Supreme Court on December 13, 2006. A simple review of petitioner's incoming Legal Mail Log will show

petitioner never received any mail from Appellate Counsel Denise Rudsill in the time period between the Supreme Courts Denial and Appellate Counsels letter Dated May 13, 2007 which was received on May 29, 2007.

Petitioner would also like to point out to this court that appellate counsel failed to send petitioner his transcripts until after September 26, 2007 even after petitioner requested trial transcripts twice before (see Exhibit "C") Appellate Counsels letter stating she is sending the transcripts dated September 26, 2007, further delaying petitioner of the necessary documents in order to pursue his claims in state court.

Petitioner tried to have his appellate counsel address the issue of being tried in chains if front of the jury but appellate counsel did not raise this issue on appeal and stated that petitioner would need to address this issue in a petition for writ of habeas corpus, (See Exhibit "D"). Letter stating petitioner would need to raise this issue by way of writ of habeas corpus.

Petitioner did not delay in presenting his claims to state court or this court. Petitioner also tried to present to this court a Motion to Stay and Abeyance twice before once on Aprial 14, 2008 and April 30, 2008. These attempts to file this motion was rejected because petitioner is not a lawyer and has no clue about legal matters or the science of the law. Petitioner education level is that of a 9th grader, petitioner can't spell and has to rely on other inmates to assist him in presenting his claims to the courts and yet even after petitioner's lack of knowledge and the road blocks presented to him by trial counsel and appellate counsels failure to notify and assist petitioner, petitioner has been diligent in pursuing his claims.

In Rhines v. Weber Justice O' Conner held that district court does have the power to grant a stay and abeyance, The Justices even stated," It likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mix petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims, Claims that are potentially meritorious, and there is no indication that petitioner is engaged in intenionally dilatory litigation tactics. In such circumstances , The district court should stay rather then dismiss the mixed petition. Rhines v. Weber 125 S.Ct @ 1535, Lundy 455, U.S. @ 522 102 S.Ct 1198 ( The total exhaustion requirement was not intended to unreasonably impair the prisoner's right to relief in such cases , the petitioner's interest in obtaining federal review of his claims out weights the competing interests in finality.

As explained after Rhine v. Weber in Pace v. Diguglielmo (U.S. 2005) 125 S. Ct. @ 1821, Litigants , especially those proceeding Pro-Se, cannot predict accurately weather a state court will find their application timely filed. Because a State Court's timeline ruling cannot be predicted with certainty, prisoners who would other wise run the risk of having the federal statute of limitations expire while they are exhausting their state remedies will have no choice but to file a premature federal petition accompanied by a request to stay federal proceedings pending the exhaustion of their state remedies, CF Rhines . Weber 544 U.S @ 125 S.Ct @ 1531. The Supreme Court admits that this type of protective filing will result from its holding.

Petitioner believes that he has shown this court that petitioner is trying diligently to present his claims and is not engaged in

(4)

this court do have merit. Petitioner's claims in state court will show this court that the claims in state court will clarify and help explain why the claims before this court and should be presented all at the same time and not piecemeal. Petitioner should be able to exhaust his state claims and have these issues addressed in federal court if the state courts chose not to address petitioner's claims. Petitioner is therefore respectfully requesting that this court grant his Motion to Stay and Abeyance in the interest of justice so that petitioner can exhaust his state claims and have all of his claims properly before this honorable court.

Petitioner is also having to rely on the "Mail Box" Rule in filing this response due to the prison being on lock down as a result of the California Budget Crisis and not being able to get to the prison law library and being able to make copies. Petitioner's response was due August 29, 2008, petitioner mailed this response on August 28, 2008.

Date August 28, 2008

Staurt S. Pressly V-489636

In Pro-Per.

# EXHIBIT



07 cv 2315 J (JMA) EXHIBIT "A"

**LAW OFFICE OF**

# *DENISE M. RUDASILL*

840 17th Street # 212
San Diego, California 92101
Telephone: (619) 339-2084
Facsimile:  (619) 427-6740

May 13, 2007

Mr. Stuart Pressly
V48636
CSP-LAC
A-1-223
P.O. Box 8457
Lancaster, CA 93539-8457

Dear Mr. Pressly,

I did mail you a letter in January informing you that that unfortunately the California Supreme
Court denied our petition for review.  I don't know why you did not receive it.  Possibly, you did
not get it was because I did not know that you had been moved within the prison and sent it to the
P.O. Box where you were before.  As I told you in the letter you did not receive, you have one
year from the California Supreme Court's denial of your petition for review, which was filed on
December 13, 2006, to file a writ of habeas corpus if you decide to continue to pursue the case.
You can file in the state courts or in the federal courts.  Since you have already had the state
appellate court deny your appeal, you might want to try the federal courts, but that is up to you.  I
have enclosed a copy of the forms for filing a federal writ of habeas corpus and the instructions
provided by the court for your convenience.  You can use the arguments from the briefs I filed
and sent you copies of to help you make your arguments in the writ if you decide to file one.  I
can also send you your trial transcripts to help you with your case if you want me to.  There is
only one copy of your transcripts.  Let me know if you want me to send them to you or send them
to someone else.  Because the California Supreme Court denied your petition, my representation
of you has ended. However, if you have any final questions, you may write me. I hope you are
doing well.

Sincerely,

Denise M. Rudasill

# EXHIBIT

# "B"

07 cv 2315 J (JMA) EXHIBIT "B"

8/15/2007

INCOMING LEGAL MAIL LOG SHEET

| Date | Name | CDC# | YARD | Housing | Addresse |
|------|------|------|------|---------|----------|
| 12/06/05 | PRESSLY | V48636 | D4 | 234 | NANCY TETREAULT ATTY    SAN PEDRO CA |
| 1/05/06 | PRESSLY | V48636 | D4 | 234 | 1Z99037102283686<br>NANCY TETREAULT ESQ LA CA |
| 2/10/06 | PRESSLY | V48636 | D4 | 234 | DENISE RUDASILL ATTY SAN DIEGO CA |
| 4/10/06 | PRESSLY | V48636 | D | B4-240 | DENISE RUDA SILL, LAW OFF SAN DIEGO CA |
| 6/16/06 | PRESSLY | V48636 | D4 | 235 | DENISE RUDSILL SAN DIEGO CA |
| 11/15/06 | PRESSLY | V48636 | A1 | 137 | DENISE RUDASILL ATTY SAN DIEGO CA |
| 1/16/07 | PRESSLY | V48636 | A1 | 135 | USDC CEN DIST LA CA |
| 1/16/07 | PRESSLY | V48636 | A1 | 135 | USDC CEN DIST LA CA |
| 2/07/07 | PRESSLY | V48636 | A1 | 141 | DOJ OFC ATTY GEN LA CA |
| 2/09/07 | PRESSLY | V48636 | A1 | 141 | USDC CEN DIST LA CA |

Page 1

8/15/2007

INCOMING LEGAL MAIL LOG SHEET

| Date | Name | CDC# | YARD | Housing | Addresse |
|------|------|------|------|---------|----------|
| 2/13/07 | PRESSLY | V48636 | A1 | 141 | USDC LA CA |
| 3/05/07 | PRESSLY | V48636 | A1 | 141 | FED PUB DEF OFC LAS VEGAS NV    (RTN) |
| 3/14/07 | PRESSLY | V48636 | A1 | 141 | RICHARD DANGLER ATTY SACTO CA  (RTN) |
| 3/26/07 | PRESSLY | V48636 | A1 | 141 | DOJ OFC ATTY GEN LA CA |
| 3/28/07 | PRESSLY | V48636 | A1 | 141 | USDC LA, CA |
| 3/28/07 | PRESSLY | V48636 | A1 | 141 | USDC LA,CA |
| 4/03/07 | PRESSLY | V48636 | A1 | 141 | SUPERIOR CT VAN NUYS, CA |
| 4/24/07 | PRESSLY | V48636 | A1 | 223 | DOJ OFC ATTY GEN LA CA |
| 5/07/07 | PRESSLY | V48636 | A1 | 223 | USDC LA CA |
| 5/29/07 | PRESSLY | V48636 | A1 | 226 | DENISE RUDASILL ATTY SAN DIEGO CA |

Page 2

# EXHIBIT

# "C"

07 cv 2315 J (JMA) EXHIBIT "C"

LAW OFFICE OF
# *DENISE M. RUDASILL*

840 17ᵗʰ Street # 212
San Diego, California 92101
Telephone: (619) 339-2084
Facsimile: (619) 427-6740

September 26, 2007

Mr. Stuart Pressly
V48636
CSP-LAC
Fac. A-1-223
P.O. Box 8457
Lancaster, CA 93539-8457

Dear Mr. Pressly,

As I told you in my last letter, in which I enclosed copies of the forms for filing a federal writ in case you wanted to file one, I would send you your transcripts if you wanted them. I have enclosed the transcripts. This is the only copy as I told you in my last letter. Remember, as I told you before, you have one year from the California Supreme Court's denial of your petition for review, which was filed on December 13, 2006, to file a writ of habeas corpus if you decide to continue to pursue the case. I hope you are doing well and I wish you luck.

Sincerely,

Denise M. Rudasill

**LAW OFFICE OF**

# DENISE M. RUDASILL

840 17th Street # 212
San Diego, California 92101
Telephone: (619) 339-2084
Facsimile:  (619) 427-6740

February 1, 2006

Mr. Stuart Pressly
V48636
CSP-LAC
D-4-234L
P.O. Box 8457
Lancaster, CA 93539-8457

Dear Mr. Pressly,

I received your letter. I had already sent you a copy of your brief, but obviously you did not get it, so I have enclosed another copy. The prison mail system is horrible. I argued that the evidence was insufficient to prove the robbery because no force or fear was used. I also argued the search and seizure issue regarding the possession of the gun. Unfortunately, because the evidence that you took the money from the bank was so extensive, any issue that would have required that you show prejudice from the trial court error could not really be raised because those issues would fail, as the appellate court would definitely rule that you were not prejudiced. In other words, the court would say that there was overwhelming evidence of guilt in your case and that consequently the error was harmless. It is not required that we show prejudice for the two errors I raised. Unfortunately, the arguable errors in your case were minimal. However, I argued the ones that I could find.

One of the other issues you asked about was the issue of you being shackled during the trial. You should not have been shackled. Unfortunately the issue was not raised during trial because it is not in the record anywhere. This means you would have to raise the issue in a writ of habeas corpus because an appeal can only raise issues contained in the record. However, in order to succeed on that issue you would have to show the jury saw it and that you would have achieved a better outcome at trial if you had not been shackled. This is the prejudice problem I talked about earlier.

I am sorry I don't have better news. After you read the brief, if you have any questions or comments, just write and let me know. I hope you are doing well.

Sincerely,

Denise M. Rudasill

## PROOF OF SERVICE BY MAIL

### (CCP §§1013(a), 2015.5; 28 U.S.C. §1746)

I, *Stuart S Pressy*, hereby declare that I am over the age of 18, I am the petitioner in the above-entitled cause of action, and my legal mailing address CSP/LAC – A-/-*223*, P.O. BOX 8457, Lancaster, CA 93539-8457.

On *August 28, 2008*, I delegated to prison officials the task of mailing, via the institution's internal mail system (*Houston v. Lack*, 487 US 266 [101 L.Ed.2d 245; 108 S.Ct. 2379] (1988)), the below entitled legal document(s):

*Response to Respondents Motion*

by placing said documents in a properly addressed and sealed envelope, with postage fully pre-paid, in the United States Mail, deposited in the manner provided by CSP/LAC, and addressed as follows: *Stacy A. Tyler Deputy Attorney General 110 West "A" Street Suite 1100 P.O. Box 85266 San Diego, CA 92101*

I further declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this *28* day of *August* 200*8* at California State Prison – Los Angeles County.