UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART S. PRESSLY, <br><br>　　　　　Petitioner, <br><br>v. <br><br>F.B. HAWS, WARDEN <br><br>　　　　　Respondent. | Case No. 07-CV-2315-J (JMA) <br><br>**REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE [Doc. No 13]** |

### I.　　FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2005, a San Diego county jury convicted Petitioner of robbery (Cal. Penal Code § 211), and a court found him guilty of being a felon in possession of a firearm (Cal. Penal Code § 12021(a)(1). Petition [Doc. No. 1] at 2. The court also found that he had six prior convictions for serious and violent felonies, which subjected Petitioner to mandatory increased prison terms under California's recidivist offender sentencing laws. Answer [Doc. No. 11] at 5. On May 23, 2005, the court sentenced Petitioner to a total term of 60 years to life in state prison – 25 years to life for the robbery, a consecutive 25 years to life for the firearm possession and a consecutive 10 years (5 years each) for two of the serious felony convictions. Petition at 1; Answer at 5.

1      Petitioner appealed his conviction and sentence, raising the same two claims
2 asserted in his habeas petition. Petition at 6-7. The California Court of Appeal affirmed
3 the San Diego County Superior Court's judgment in a reasoned written decision on
4 September 28, 2006. Lodged Doc. No. 7. Petitioner then sought review from the
5 California Supreme Court, raising the same issues he presented on direct appeal. Lodged
6 Doc. No. 8. The California Supreme Court denied review on December 13, 2006.
7 Petition, Ex. A; Lodged Doc. No. 9.
8      On December 10, 2007, Petitioner filed the instant Petition for Writ of Habeas
9 Corpus alleging two claims. In Ground One, Petitioner asserts that certain evidence
10 obtained from a hotel room should have been excluded from his trial because it was
11 obtained in violation of his right under the Fourth Amendment to be free from
12 unreasonable searches and seizures. Petition at 6. Petitioner litigated this claim fully in
13 state court.
14      In Ground Two, Petitioner asserts that the evidence adduced at trial was
15 insufficient to support his robbery conviction because it did not establish "fear" which is a
16 required element of the crime of robbery under California law. Petition at 6. The state
17 courts considered and rejected this claim.
18      On May 6, 2009, Respondent filed an Answer to the Petition for Writ of Habeas
19 Corpus. [Doc. No. 11]  Two weeks later, on May 21, 2008, Petitioner filed a Motion for
20 Stay and Abeyance For Leave to Amend" (Motion").  [Doc. No. 13]   Petitioner's Motion
21 requests that all proceedings in this Court be stayed while he exhausts the following six
22 claims in state court: (1) ineffective assistance of counsel, (2) insufficient evidence used
23 on prior out-of-state conviction; (3) prejudicial evidence brought before the jury; (4)
24 denial of jury trial on issue of whether the facts of prior out-of-state conviction qualified
25 as a strike under California law; (5) that a prior federal conviction counts as only one, not
26 five, prior convictions; and (6) ineffective assistance of appellate counsel. Motion at 2.
27      On May 30, 2008, the Court filed an order requiring a response to Petitioner's
28 motion to stay [Doc. No. 14], and on July 16, 2008, Respondent filed his opposition to the

Motion. [Doc. No. 20]  Petitioner filed a reply on September 8, 2008. [Doc. No. 22]

After reviewing the Motion, Respondent's opposition, Petitioner's reply, the underlying Petition and Respondent's Answer, the undersigned recommends that the Motion be **DENIED** for failure to show good cause, as set forth below.

**II.    DISCUSSION**

In Petitioner's Motion, he asks the Court to stay his pending habeas petition and hold his current claims in abeyance while he returns to state court to raise certain unexhausted claims not contained in his Petition. Petition at 10.  Petitioner has not shown that a stay and abeyance is appropriate in this case.  District courts have limited discretion to hold in abeyance habeas petitions.  Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), a district court has discretion to grant a stay and abeyance only if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  In addition, the petitioner must set forth facts demonstrating good cause for his failure to timely exhaust the state court remedies.  *Id.* at 277.

An important purpose of the Antiterrorism and Effective Death Penalty Act of 1996 (28 U.S.C. § 2254) ("AEDPA"), which governs this case, is to reduce delay in execution of sentence and promote finality of judgment.  *See Rhines*, 544 U.S. at 276. Thus, petitioners are required to bring their claims to federal court within a year after the state court judgment becomes final.  28 U.S.C. § 2244(d); *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003).  In federal court, the petitioner is limited to those claims he properly exhausted in state court within the limitations period.  28 U.S.C.  § 2254(b); *Jackson v. Roe*, 425 F.3d 654, 657-58 (9th Cir. 2005). The Supreme Court made clear in *Rhines* that because staying a federal habeas petition frustrates the objectives of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at

277. As a threshold matter, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Petitioner has not even attempted to show good cause for his failure to diligently pursue the additional claims in state court prior to filing his Petition in this Court. In his Reply, Petitioner makes the conclusory statements that he "is trying diligently to present his claims and is not engaged in any delay tactics," and that he did not receive notice of the California Supreme Court's denial of his Petition until May 29, 2007 (four months after the Supreme Court's denial on December 13, 2006, but still over six months before the statute of limitations had run). Reply at 2-4. This is the extent of Petitioner's statement of good cause for granting a stay, and it is insufficient.

All six of Petitioner's new claims, which challenge the sufficiency of the evidence, the admission of evidence, and the effectiveness of counsel, are based on facts apparent at the time of trial, or at the very latest by the time of appeal, and therefore were redressable by direct appeal or contemporaneous post-conviction writ petition. Petitioner did not present these claims in those proceedings, but instated waited until December 17, 2007 – after he had already filed his Petition in this Court – to present the claims through a writ petition to the Superior Court. Even, then, he did not request a stay from this Court until five months later, on May 19, 2008, after Respondent had already filed its Answer.

Petitioner has not established good cause for his failure to diligently pursue in state court the claims he seeks to add, and thus cannot fulfill the first requirement of *Rhines*. A accordingly the Court recommends that Petitioner's Motion be denied.

### III.   CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned recommends that Petitioner's motion for stay and abeyance be **DENIED**. This Report and Recommendation is submitted to the Honorable Napoleon A. Jones, Jr., the United States district judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **February 27, 2009** any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**

DATED: February 13, 2009

Jan M. Adler
U.S. Magistrate Judge