1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

12   STUART S. PRESSLY,         )    Civil No. 07CV2315-J (JMA)

13                      )

14               Petitioner,   )    **ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE**

15                      )

16        v.                 )

17                      )

F. B. HAWS, Warden,       )

18                      )

             Respondent.   )

19

20

21       On May 19, 2008, Petitioner, a California prisoner, filed this motion to stay and abey his

22 original petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On February 13, 2009,

23 Magistrate Judge Jan M. Adler filed a Report and Recommendation ("R&R") recommending the

24 Court deny Petitioner's motion for stay and abeyance. [Doc. No. 23.]  For the reasons set forth

25 below, this Court **ADOPTS** the R&R and **DENIES** Petitioner's instant motion in its entirety.

26 //

27 //

28 **//**

07cv2315

### PROCEDURAL BACKGROUND

On April 23, 2005, a San Diego County jury convicted Petitioner of robbery (Cal. Penal Code § 211), and the court found him guilty of unlawful possession of a firearm by a convicted felon. (Cal. Penal Code § 12021(a)(1). [Lodgment No. 3.] The court also found that he had six prior convictions for serious and violent felonies, which subjected Petitioner to mandatory increased prison terms under California's recidivist offender sentencing laws. [Doc. No. 11.] On May 23, 2005, the court sentenced Petitioner to a total term of 60 years to life in state prison – 25 years to life for the robbery, a consecutive 25 years to life for the firearm possession, and a consecutive 10 years (5 years each) for two of the prior serious felony convictions. [Doc. Nos. 1 and 11.]

Petitioner appealed his conviction and sentence, raising two claims now asserted in his federal habeas petition.  In Ground One, Petitioner asserts that certain evidence obtained from a hotel room should have been excluded from his trial because it was obtained in violation of his right under the Fourth Amendment to be free from unreasonable searches and seizures. [Doc. No.1.]  In Ground Two, Petitioner asserts that the evidence adduced at trial was insufficient to support his robbery conviction because it did not establish "fear" which is a required element of the crime of robbery under California law. [*Id.*]  The state courts considered and rejected these claims. [Doc. No. 1.] The California Court of Appeal affirmed the San Diego County Superior Court's judgment in a reasoned written decision on September 28, 2006. [Lodgment No. 7.] Petitioner then sought review from the California Supreme Court, raising these same issues. [Lodgment No. 8.]  The California Supreme Court denied review on December 13, 2006. [Doc. No. 1., Exhibit A; Lodgment No. 9.]

On December 10, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus alleging the same two claims from his appeal in state court.     On May 6, 2008, Respondent filed an Answer to the Petition for Writ of Habeas Corpus. [Doc. No. 11.] Two weeks later, on May 21, 2008, Petitioner filed a Motion for Stay and Abeyance For Leave to Amend ("Motion") raising six new issues. [Doc. No. 13.] Petitioner's Motion requests that all proceedings in this Court be stayed while he exhausts the following six additional claims in state court: (1)

07cv2315

ineffective assistance of counsel, (2) insufficient evidence used on prior out-of-state conviction; (3) prejudicial evidence brought before the jury; (4) denial of jury trial on issue of whether Petitioner's prior out-of-state conviction qualified as a strike under California law; (5) improper treatment of prior federal convictions as five, not one, conviction; and (6) ineffective assistance of appellate counsel. [Doc. No. 13.] On May 30, 2008, the Court filed an order requiring a response to Petitioner's motion to stay [doc. no. 14.], and on July 16, 2008, Respondent filed an opposition to the Motion claiming Petitioner had failed to show good cause for not presenting and exhausting his claims in the state courts first and thus the Court should not grant the motion for stay and abeyance. [Doc. No. 20.] Petitioner filed a reply on September 8, 2008 arguing that his counsel had essentially disadvantaged him because she (1) delayed notifying him of the State Supreme Court's final judgment and (2) delayed sending Petitioner the trial transcripts as requested. [Doc. No. 22]. On February 13, 2009, Magistrate Judge Adler filed a Report and Recommendation (R&R) recommending Petitioner's motion for stay and abeyance be denied for failure to show good cause. [Doc. No. 23.] Petitioner then filed objections to the R&R raising the same arguments as he had previously made. [Doc. No. 25.]

## *LEGAL STANDARD*

### I.    Motion for stay and abeyance

District courts have limited discretion to stay and abey habeas petitions. *See Rhines v. Weber*, 544 U.S. 269 (2005).  Granting a stay effectively excuses a petitioner's failure to present his claims first to the sate courts. *Id.* at 277.  Thus, a district court should grant a stay and abeyance only if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 275. In addition, the petitioner must set forth facts demonstrating good cause for his failure to timely exhaust the state court remedies. *Id.* at 277.

//

//

07cv2315

## II.     Pro Se Litigants

Pro se litigants' pleadings are generally treated with greater leniency due to a lack of formal legal education.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  Nevertheless, a pro se litigant must provide the defendant(s) with notice of whatever wrong(s) the defendant allegedly committed.  *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  Civil rights claims are also construed liberally.  *See Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985) (*en banc*) (holding that courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").  However, a liberal interpretation cannot supply essential elements of the claim that were not initially pled. *Ivey v. Bd. of Regents of Univ. of Ala.*, 673 F.2d 266, 268 (9th Cir. 1982).

## III.     Reviewing a Magistrate Judge's R&R

The duties of a district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  A district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (2007); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo*' determination . . . Congress intended to permit whatever reliance a district judge, in exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

When no objections are filed to the R&R, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *See Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974).  Only when a petitioner has filed objections must a district court review findings of fact and conclusions of law de novo.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

//

//

07cv2315

*DISCUSSION*

Petitioner moves this Court to stay his pending habeas petition and hold his current claims in abeyance while he returns to state court to exhaust new claims not contained in his original petition. *See* 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 518-19.  The goal of the Antiterrorism and Effective Death Penalty Act of 1996 (28 U.S.C § 2254) of 1996 ("AEDPA"), which governs Petitioner's federal habeas petition, is to reduce delay in execution of sentence and promote finality of judgment. Therefore, under AEDPA, a petitioner has only one year to bring claims to federal court that he properly exhausted in state court first. 28 U.S.C. § 2244(d); *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003). The Supreme Court made clear in *Rhines* that because staying a federal habeas petition frustrates the objectives of encouraging finality by allowing a petitioner to delay the resolution of federal  proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances where a petitioner can show good cause for her failure to exhaust her claims first in state court. *See Rhines v. Weber*, 544 U.S. at 277.

In this case, however, Petitioner does not show good cause to explain his failure to present and exhaust his claims at the state level before filing his federal habeas petition. By the time Petitioner exhausts these additional claims in state court, he will be barred from bringing those claims in federal court unless the limitations period is tolled pursuant to a showing of "good cause" for failure to exhaust the claims.[1] *Id*. Granting a stay, and thereby tolling the limitations period, remains a case-specific inquiry within the discretion of the district court. *Thristino v. United States*, 379 F.Supp.2d 510, 518 (S.D.N.Y. 2005).

Petitioner has essentially argued that, through no fault of his own, he has run out of time to exhaust his claims within the one year time limit proscribed under AEDPA because of (1) his

---

[1] In *Rhines*, the Supreme Court declined to specifically define "good cause" and later remanded the case to the lower court for a subsequent determination. *See Rhines v. Weber*, 544 U.S. 269 (2005). The 9th Circuit also has refrained from defining "good cause" though it has distinguished "good cause" as the appropriate standard instead of an "extraordinary circumstances" standard used by some courts. *See Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

07cv2315

counsel's failure to timely notify him of the California Supreme Court's final judgment denying review and (2) his counsel's failure to deliver to him the trial transcripts he requested. [Doc. No. 22.] The California Supreme Court denied review of Petitioner's case on December 13, 2006 yet Petitioner claims that his appellate counsel did not notify him of the Supreme Court's denial for review until five months later on May 29, 2007. [*Id.*, Exhibit A] Even so, Petitioner had nearly seven months before the statute of limitations had run, which is arguably ample time for him to initiate a state court proceeding.

Additionally, Petitioner states that his appellate counsel delayed sending him the trial transcripts until September 26, 2007. [*Id.*, Exhibit C.] However, after reviewing the correspondences between Petitioner and his counsel, there is nothing to indicate that counsel failed to respond to Petitioner's requests in a timely fashion. In her letter to Petitioner dated May 13, 2007, counsel not only included forms and instructions for filing a federal petition for writ of habeas corpus but she also informed Petitioner, "I can also send you your trial transcripts to help you with your case if you want me to." [*Id.*, Exhibit A.] As requested, counsel then sent Petitioner the trial transcripts on September 26, 2007 [*Id.*, Exhibit C.]. Petitioner still had two months remaining before the limitations period expired. Petitioner has not offered any evidence, such as prison mail logs or the like, to support the conclusion that appellate counsel delayed sending the transcripts after Petitioner had twice requested them.

Petitioner also argues in his response that he twice attempted to file a motion for a stay and abeyance but both were rejected on procedural grounds.[2] [Doc. No. 22.] Yet, by his own admission, those motions were not made until April 14, 2008 and April 30, 2008, nearly four months after Petitioner filed both his federal and state habeas petitions in December 2007.[3] [*Id.*]

---

[2] The motion on April 14, 2008 was rejected for failure to serve papers on opposing counsel. [Doc. No. 6.] The motion on April 30, 2008 was rejected for failure to serve papers on opposing counsel. [Doc. No. 10.]

[3] Petitioner signed and dated both his federal and state habeas petitions on December 5, 2007. [Docs No. 1. and 13.] Unlike his state habeas petition, Petitioner has not provided a mail log to verify exactly when his federal habeas petition was sent. However, Petitioner presumably mailed his petition on or around December 5th, the day he mailed and filed his state habeas petition.

07cv2315

1   Petitioner argued that those motions were rejected because "[P]etitioner is not a lawyer and has

2   no clue about legal matters or the science of the law. Petitioner [sic] education level is that of a

3   9th grader, petitioner can't spell and has to rely on other inmates to assist him in presenting his

4   claims to the courts. . . ." [Doc. No. 22.]

5          While this Court is sympathetic to Petitioner's position, ignorance is not good cause for

6   failing to properly present and exhaust his claims before the state courts. *See Wooten v.*

7   *Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding that Petitioner did not show good cause

8   for failing to exhaust his claims because of an erroneous belief that his counsel had already

9   exhausted those claims on his behalf at the state level.) Here, Petitioner was under no illusion as

10  to which claims had already been exhausted. On the forms provided, Petitioner specifically listed

11  only two grounds that had been reviewed on direct appeal: (1) "Trial Court Error by denying

12  motion to suppress evidence", and (2) "Insufficient evidence." [Doc. No. 1.]  To grant

13  Petitioner's motion for stay and abeyance because he lacks knowledge of "legal matters or the

14  science of law" would allow virtually any habeas petitioner to subvert the Supreme Court's

15  holding in *Rhines* and its instruction that district courts should only stay petitions in "limited

16  circumstances."  *See id.*

17         Lastly, Petitioner submits exhibits that clearly evidence he was aware of the time limits

18  imposed upon him yet he offers no explanation for waiting so long to file his federal habeas

19  petition. Under *Rhines*, the petitioner must show he was not engaged in "intentionally dilatory

20  litigation tactics."  *Rhines*, 544 U.S. at 277.  Throughout her correspondence with Petitioner,

21  Petitioner's counsel repeatedly reminded him that he had only one year to file a petition for writ

22  of habeas corpus in federal court beginning December 13, 2006. [Doc. No. 22, Exhibit A and C.]

23  All six of Petitioner's new claims, which challenge the sufficiency of the evidence, the

24  admission of evidence, and the effectiveness of counsel, are based on facts apparent at the time

25  of trial, or at the very latest by the time of appeal and therefore were redressable by direct appeal

26  or a contemporaneous post-conviction writ petition. Yet, Petitioner did not present these claims

27  in those proceedings but instead waited until the last minute to file both his federal and state

28  habeas petitions. In fact, Petitioner notes in his objection that two of his proposed, unexhausted

claims (1) counsel's failure to object after Petitioner was brought into court in shackles, and (2) the prejudicial admission of a gun relate back to his original claim of "insufficient evidence to prove. . . robbery." [Doc. No. 25.] Without ruling on the merits, these issues would have been apparent to the Petitioner at the time of his trial but he has offered no explanation or "good cause" as to why he waited to file his petition with these claims until a few days before the expiration of the one year statute of limitations in December 2007.

Consequently, as set forth under *Rhines*, Petitioner cannot show good cause for his delay in presenting and exhausting these additional claims at the state level beforehand.

### *CONCLUSION*

For all of the above reasons, this Court **ADOPTS** Magistrate Judge Adler's Report and Recommendation and **DENIES** Petitioner's motion for stay and abeyance. Petitioner may proceed with his original petition for writ of habeas corpus asserting only two, properly exhausted, grounds for relief: (1) Trial court error admitting evidence from an unreasonable search and seizure, and (2) Insufficient evidence to support Petitioner's robbery conviction.

**IT IS SO ORDERED**.

DATED:   March 23, 2009

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge Adler
      All Counsel of Record

8

07cv2315